NO. 07-12-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 24, 2012
_____

GARY FITZGERALD AND GAIL CHRISTIE,

Appellants

v.

BIGHAM AUTOMOTIVE & ELECTRIC CO.,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2010-565,526; HONORABLE JUDY PARKER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

We have before us an appeal by Gary Fitzgerald and his wife, Gail Christie, (collectively referred to as the Fitzgeralds) from a final judgment denying them recovery against Bigham Automotive & Electric Co. (Bigham). They sued Bigham for breach of contract. Bigham had purportedly agreed to provide Gail's son (Gary Christie, who was a Bigham employee) twenty hours of training per week in the area of automatic transmission repair in return for the Fitzgeralds paying Bigham $200 per week.

Because Bigham did not do so before firing Gary, the Fitzgeralds sued. The dispute was tried by the bench, and the judge concluded that "[n]o oral or written contract existed between" the parties. The Fitzgeralds now argue that the "finding goes against not just the great weight of the evidence, but the entirety of the evidence in the trial record." We affirm.

Though no one mentions the applicable standard of review, we nevertheless interpret the Fitzgeralds' complaints as attacking the sufficiency of the evidence underlying the trial court's conclusion. They seem to be arguing that 1) no evidence supports it or that it is against the great weight and preponderance of the evidence, and 2) they proved the existence of the aforementioned contract as a matter of law. Given this, the standard of review is that described by this court in *Krabbe v. Anadarko Petroleum Corp.,* 46 S.w.3d 308, 314-15 (Tex. App.–Amarillo 2011, pet. denied). Simply put, if there is some evidence supporting the trial court's finding, then the Fitzgeralds did not prove their claim as a matter of law. *Id.* at 315. So, it would be incumbent upon them to explain why no evidence of record allowed the trial court to rule as it did before we could award them any recovery.

Nor would the Fitzgeralds be entitled to a new trial unless they can successfully explain why all the other evidence purportedly contradicting the court's finding is so weighty as to render that finding manifestly unjust. *Fulgham v. Fischer,* 349 S.W.3d 153, 157 (Tex. App.–Dallas 2011, no pet.). And, in assessing these matters, we must remember that the factfinder is free to believe whomever it chooses. *Id.* It makes the requisite credibility choices, we do not. *Id.* Nor are we free to simply re-weigh the evidence as if we were the trier of fact. Rather, our obligation is quite deferential. So

2

long as the factfinder could have reasonably arrived at the conclusion it did (even though we may have reached a different result had we been in its place), our hands are bound. With that said, we turn to the record before us.

One can easily characterize the tenor of the dispute as "he said/she said." While Gary Fitzgerald testified that Bigham had agreed to provide the twenty hours of training in exchange for the payment, Bigham's representative (that being Rick Bigham, the individual with whom Fitzgerald communicated), testified otherwise. The latter informed the trial court that the Fitzgeralds agreed to make the $200 weekly payment to supplement or subsidize the salary being paid to Gail's son. That is, he was guaranteed $400 a week when hired as a mechanic by Bigham but was not doing enough work to justify that sum. So, according to Rick Bigham, the Fitzgeralds agreed to pay $200 of that $400 sum to facilitate the son's retention as an employee. However, no one agreed that the son would receive twenty hours a week of training in automatic transmission repair as part of the transaction, according to Bigham. This testimony, if believed, constituted some evidence of there being no contract of the ilk suggested by the Fitzgeralds. And, more importantly, the trial court was free to believe it.

The Fitzgeralds attempted to strip Bigham's testimony of any value by calling it "self-serving" in their appellate brief. One could say that any testimony imparted by an interested witness favoring that witness is "self-serving." Yet, the Fitzgeralds fail to tell us why "self-serving" testimony should be assigned no evidentiary value. Nor did they cite any authority supporting their suggestion. More importantly, if we were to accept the notion that "self-serving" testimony is not evidence, then we would have to ignore Gary Fitzgerald's own testimony too since it tends to foster his own position and, thus, is

3

"self-serving." But, that is not the rule. The factfinder gets to choose who and what evidence to believe whether "self-serving" or not, and we defer to that decision. Moreover, deferring in this situation is quite reasonable given evidence coming from Gary Fitzgerald himself. For instance, several of his own e-mails described the payment as a subsidy, though others alluded to training as well. And, to the extent that e-mails broached the topic of "training," few tied the "training" to transmission repair specifically. And, of the few that may have linked training to transmission repair, none said anything about twenty hours of training a week. Instead, one merely proffered a "conceptual learning plan" wherein the son "gets, say, 2 hours of transmission work per day . . . [o]r, say, 10 hours per week as a goal." Fitzgerald merely proposing that the son "get, say" ten hours of training per week as a goal tends to contradict the proposition that he sought from and Bigham agreed to twenty hours of weekly training.

We further note Fitzgerald's testimony that he "realized that Mr. Bigham might not have 20 hours every week" and that he "expected at least ten hours minimum" in transmission repair training be given to Gail's son. Why Fitzgerald would find ten hours per week of training acceptable if he actually contracted and paid for twenty hours per week was something the trial court could have pondered on when deciding if the parties ever had the meeting of the minds needed to form a contract. So too could the factfinder have assigned weight to the son's testimony about not knowing of any agreement to receive twenty hours of transmission repair training per week.

In short, the trial court was asked to consider conflicting evidence regarding a purported agreement to provide Gary Christie with twenty hours of transmission repair training per week. It concluded that no such agreement existed. Having found

4

evidence of record to support that decision and that the decision is not manifestly unjust when tested against the entirety of the record, we overrule the Fitzgeralds' complaints.

The judgment is affirmed.


Brian Quinn
Chief Justice